IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00783-PAB-NYW

DWIGHT PHILLIP BIVENS,

    Plaintiff,

v.

JOHN MCGAUGH, and
BLAIKE,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies as to Claim 1 (the "Motion" or "Motion for Summary Judgment") filed on September 22, 2021 by Defendant John McGaugh ("Defendant" or "Dr. McGaugh"). [Doc. 37]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 15, 2021, [Doc. 35], and the Memorandum dated September 22, 2021. [Doc. 38]. The court concludes that oral argument will not materially assist in the resolution of this matter. Having reviewed the Motion and the applicable case law, this court respectfully **RECOMMENDS** that the Motion for Summary Judgment be **GRANTED**.

## BACKGROUND

Plaintiff Dwight Phillip Bivens ("Plaintiff" or "Ms. Bivens") is a transgender inmate who at all times relevant to this matter was housed at the Federal Correctional Institute in Florence, Colorado ("FCI Florence") within the Federal Bureau of Prisons ("BOP"). [Doc. 1 at 2]. Plaintiff initiated this civil action on March 16, 2021, asserting four claims arising under the Eighth

Amendment. *See generally* [*id.*]. Specifically, Ms. Bivens asserted (1) a medical deliberate indifference claim against Dr. McGaugh, alleging that his alteration of her hormone therapy treatment caused her to suffer an extreme adverse reaction ("Claim One"), [*id.* at 5]; (2) an excessive force claim against Correctional Officer Blaike ("Defendant Blaike") arising out of an alleged sexual assault ("Claim Two"), [*id.* at 6]; (3) a claim asserting that Correctional Officer Guardno made lewd comments to Plaintiff, which caused her to be in danger of sexual assault, [*id.*]; and (4) a claim asserting that Correctional Officer Batson sexually assaulted her by referring to her genitalia and referring to her with incorrect pronouns. [*Id.*]. Upon initial review of the Complaint, the Honorable Gordon P. Gallagher recommended that Plaintiff's third and fourth claims be dismissed, as they failed to state a cognizable claim under the Eighth Amendment. [Doc. 9 at 8]. Judge Gallagher recommended that Ms. Bivens's first two claims be drawn to a presiding judge. [*Id.*]. The Honorable Lewis T. Babcock accepted the Recommendation, dismissed Plaintiff's third and fourth claims, and dismissed Correctional Officers Guardno and Batson from this action. [Doc. 14 at 2]. The case was subsequently drawn to the undersigned on May 21, 2021, [Doc. 15], but upon the Parties' non-consent, the case was re-assigned to Chief Judge Philip A. Brimmer on September 15, 2021, [Doc. 34], who referred the matter to the undersigned. [Doc. 35].

On September 22, 2021, Dr. McGaugh filed the instant Motion for Summary Judgment, [Doc. 37], which was referred to the undersigned for recommendation. [Doc. 38].[1] The court ordered Plaintiff to respond to the Motion for Summary Judgment on or before October 22, 2021. [Doc. 39]. This court held a Telephonic Status Conference on October 7, 2021, at which time

---

[1] Defendants simultaneously filed a Motion to Dismiss, [Doc. 36], which was also referred to the undersigned. [Doc. 38]. This court will issue a separate Recommendation with respect to the Motion to Dismiss.

Plaintiff confirmed that she had received the court's Minute Order setting the response deadlines. [Doc. 42 at 1]. In addition, at the Status Conference, the Parties agreed that discovery and other pretrial matters would be deferred until this court issued a recommendation on the Motion for Summary Judgment. [*Id.*].

On November 26, 2021, Plaintiff filed a Motion for an Extension of Time, [Doc. 55], which was referred to the undersigned. [Doc. 56]. In her Motion for an Extension of Time, Ms. Bivens requested a 60-day extension of time "to respond," indicating that she needed additional time because her facility was in a lockdown due to the COVID-19 pandemic. *See* [Doc. 55 at 1]. This court noted that, while Ms. Bivens did not specify the document to which she was requesting additional time to respond, because Plaintiff had already responded to the Motion to Dismiss, *see* [Doc. 43], the court assumed that Ms. Bivens sought a 60-day extension of time to respond to the Motion for Summary Judgment. [Doc. 57 at 1]. The court granted the Motion for Extension of Time, set Plaintiff's deadline to respond to the Motion for Summary Judgment to January 10, 2021, and advised Plaintiff that no further extensions of the deadline would be granted absent extraordinary circumstances. [*Id.*]. Plaintiff did not file a response, and the time to do so has lapsed. Thus, the Motion for Summary Judgment is ripe for recommendation.

In the Motion for Summary Judgment, Defendant seeks summary judgment on Claim One based on Plaintiff's failure to exhaust her administrative remedies. [Doc. 37 at 1]. I consider Defendant's arguments below.

## LEGAL STANDARDS

### I. Rule 56

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248-49; *see also Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S.P.S.,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In reviewing a motion for summary judgment, the court views all facts and draws all reasonable inferences in favor of the non-moving party. *See DeWitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017). However, evidence offered in support or in opposition to a motion for summary judgment must be based on more than speculation or conjecture. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004). Ultimately, the court may not enter summary judgment unless Defendant carries his burden under Rule 56 of the Federal Rules of Civil Procedure. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002); *see also* Fed. R. Civ. P. 56(a).

## II.  Pro Se Pleadings

In applying the above principles, this court is mindful that Ms. Bivens proceeds pro se and the court thus affords her papers and filings a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But the court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## UNDISPUTED MATERIAL FACTS

The following undisputed material facts are drawn from the record before the court.[2]

1. Plaintiff is a transgender inmate in the custody of the BOP.  [Doc. 1 at 5].[3]

2. At the time of the events giving rise to Claim One, Plaintiff was housed at FCI Florence.  [*Id.* at 2].

3. In Claim One, Plaintiff alleges that on or about June 5, 2020, Dr. McGaugh altered her hormone therapy prescription, which caused an "extreme adverse reaction."  [*Id.* at 5].

4. Ms. Bivens further alleges that she requested emergency medical care to treat her adverse reaction to her treatment and that she was told that Dr. McGaugh would see her for the

---

[2] Because Ms. Bivens failed to respond to the Statement of Facts in Defendant's Motion, the court deems Defendant's properly supported facts undisputed.  *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

[3] At summary judgment, courts may construe a pro se plaintiff's verified complaint as an affidavit pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure if the verified complaint is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated.  *See Pipkins v. Taillon*, No. 12-cv-02275-REB-KLM, 2014 WL 4197945, at *4 (D. Colo. Aug. 25, 2014); *see also Mathison v. United States*, No. 13-cv-00110-PAB-NYW, 2015 WL 854476, at *7 n.4 (D. Colo. Feb. 26, 2015), *aff'd*, 619 F. App'x 691 (10th Cir. 2015) ("Under section 1746, whenever any rule requires that a matter be supported by affidavit, such matter may be supported by an unsworn declaration which is subscribed by the author as true under penalty of perjury and dated.").

5

medical emergency.  [*Id.*].

5. Plaintiff alleges that Dr. McGaugh "never responded and never provided care" to her.  [*Id.*].

6. Plaintiff alleges that, as a direct result of Dr. McGaugh's failure to provide care, she experienced pain, suffering, and permanent physical harm.  [*Id.*].

7. On June 16, 2020, FCI Florence received a Request for Administrative Remedy—also known as a Form BP-9—filed by Plaintiff, wherein she complained of a lack of privacy during a June 3, 2020 medical visit.  [Doc. 37-1 at 4, ¶ 11; *id.* at 40-41].[4]

8. FCI Florence provided a written response dated June 24, 2020, noting that prior to the June 3, 2020 medical visit, Plaintiff "[was] offered to be moved to a discrete area" but that Plaintiff "stated [she] was content having the conversation cell side."  [*Id.* at 42].

9. Plaintiff submitted a Regional Administrative Remedy Appeal via a Form BP-10 (the "Regional Appeal") on August 31, 2020.  [*Id.* at 46-47].

10. The Regional Appeal raised complaints about the lack of privacy during the June 3, 2020 medical visit.  [*Id.* at 46].

11. Plaintiff also noted in her Regional Appeal that she "was extremely ill and in pain" and that she "complained and filed the informal resolution form," but was "told that an overdose of medication is not considered an emergency."  [*Id.*].

12. Further, Plaintiff alleged that "a couple days later [she] had another outbreak on [her] chest area [but] Dr. McGaugh refused to come back out and see what was happening."  [*Id.* at 47].

---

[4] For purposes of clarity, this court refers to the page numbers generated by this District's Electronic Case Filing ("ECF") system, rather than the page numbers assigned by the Parties.

13. The Regional Director responded to the Regional Appeal on November 2, 2020, stating that the written response provided on June 24, 2020 "adequately addresse[d] [Plaintiff's] concerns in regards to privacy." [*Id.* at 48].

14. The Regional Director also informed Plaintiff that her allegations of staff misconduct "ha[d] been forwarded to the appropriate authority for review," but that "[t]he issue regarding the outbreak on [Plaintiff's] chest" would not be addressed in the Regional Director's response, as Plaintiff "must first present th[e] issue at the institution level for a response." [*Id.*].

15. Plaintiff appealed to the national level by filing a Central Office Administrative Remedy Appeal on December 14, 2020 (the "National Appeal"). [*Id.* at 50; *id.* at 5, ¶ 14].

16. In the National Appeal, Ms. Bivens argued that the privacy issued had not been adequately addressed and that "the same practice and procedures [were] still adhered to by staff." [*Id.* at 50].

17. Plaintiff did not mention any issue related to the substance or timing of her medical treatment in the National Appeal. *See* [*id.*]; *cf.* [*id.* at 5-6, ¶¶ 15-16].

18. The National Inmate Appeals Administrator responded to the National Appeal on February 22, 2021, affirming the previous decisions with respect to Plaintiff's complaints that "medical staff did not provide [Plaintiff] with privacy during a medical assessment." [*Id.* at 51].

19. Plaintiff has not filed any other administrative remedies related to a change in her hormone therapy prescription, any reaction thereto, or the timing of Dr. McGaugh's medical care. [*Id.* at 6, ¶ 16]; [*id.* at 53-57].

## ANALYSIS

Defendant seeks summary judgment on Claim One on the basis that Plaintiff failed to exhaust her administrative remedies with respect to that Claim. [Doc. 37 at 4]. I first discuss the

7

statutes and regulations applicable to Ms. Bivens's claims, including the Prison Litigation Reform Act ("PLRA") and the BOP's Administrative Remedy Program, before considering whether Defendant has met his burden for purposes of summary judgment.

I.   **Statutory Framework for Exhaustion of Administrative Remedies**

   A.   **Prison Litigation Reform Act**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Any prisoner who seeks to bring a claim involving 'general circumstances or particular episodes' of prison life must first exhaust the administrative remedies available to him in prison." *May v. Segovia*, 929 F.3d 1223, 1226-27 (10th Cir. 2019) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007)). "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal citations omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim [or any other federal claim] under [the] PLRA for failure to exhaust his administrative remedies," and the "doctrine of substantial compliance does not apply." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks omitted).

But the PLRA makes explicit that a prisoner must exhaust only <u>available</u> administrative remedies.  42 U.S.C. § 1997e(a).  An available remedy is one "capable of use for the accomplishment of a purpose." *See Booth v. Churner*, 532 U.S. 731, 737 (2001). Indeed, "courts . . . are obligated to ensure that any defects in exhaustion were not procured from the action or

8

inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). If Dr. McGaugh demonstrates that Ms. Bivens did not exhaust her administrative remedies, the burden shifts to Ms. Bivens "to show that remedies were unavailable to [her]." *May*, 929 F.3d at 1234 (internal quotation marks omitted); *see also Williams v. Borrego*, No. 19-cv-00371-RBJ-MEH, 2020 WL 1502296, at *7 (D. Colo. Mar. 30, 2020) (noting that inmates face a "high bar to show unavailability") (citing *May*, 929 F.3d at 1235; *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011)).

### B. The BOP Administrative Remedy Program

The BOP provides a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10, *et seq*. The first tier requires informal resolution with prison staff, which the prisoner requests with a form commonly known as a BP-8. *See* 28 C.F.R. § 542.13(a). A prisoner must obtain this form from his or her correctional counselor. *Id*. The regulations allow the prisoner twenty days from the date of the incident to complete the informal resolution and file a formal Request for Administrative Remedy, if necessary. *See* 28 C.F.R. § 542.14. The prisoner must submit the formal inquiry, known as a BP-9 request, to the warden at the institution in which the prisoner is incarcerated. *Id*. If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director by filing a Regional Office Administrative Remedy Appeal, also known as a BP-10 request, within twenty days of the warden's dated response. *See* 28 C.F.R. § 542.15(a). Finally, the prisoner may file a Central Office Administrative Remedy Appeal, known as a BP-11 request, with the BOP's Office of General Counsel within thirty days of the Regional Office's denial. *Id*. At any level, an official's failure to respond within the time allotted constitutes a denial of the request or appeal. 28 C.F.R. § 542.18.

## II. Failure to Exhaust

Failure to exhaust administrative remedies is an affirmative defense. As set forth above, Defendant bears the initial burden of establishing a prima facie case of Ms. Bivens's failure to exhaust. If Defendant satisfies this requirement, the burden shifts to Ms. Bivens to excuse her failure to comply with the procedures set forth in 28 C.F.R. § 542.10, *et seq.*

Dr. McGaugh first suggests that Ms. Bivens's Claim One can be read to assert Eighth Amendment deliberate indifference arising out of (1) Dr. McGaugh's alteration of Ms. Bivens's hormone therapy prescription, which Ms. Bivens alleges caused an adverse reaction, or (2) Dr. McGaugh's failure to timely respond to Ms. Bivens's medical emergency. [Doc. 37 at 6]. Dr. McGaugh argues that, in either event, Ms. Bivens failed to exhaust her administrative remedies because she did not complain of the substance or timing of Dr. McGaugh's medical treatment in her administrative grievance or the National Appeal. [*Id.* at 6-7]. According to Dr. McGaugh, because Plaintiff did not assert the issues raised in Claim One at every level of her administrative remedy process, she has failed to exhaust that Claim. [*Id.* at 7]. I respectfully agree.

***Failure to Raise Issues at Every Level of the Administrative Process***. The undisputed material facts reveal that Ms. Bivens, as a BOP inmate, is subject to the BOP's grievance procedures specified in 28 C.F.R. § 542.10, *et seq.*; that Ms. Bivens is aware of the BOP's required grievance procedures; and that Ms. Bivens did not exhaust her administrative remedies with respect to Claim One. Ms. Bivens's complaints of Dr. McGaugh's allegedly inadequate medical treatment are subject to the grievance procedures set forth in 28 C.F.R. § 542.10, *et seq. See* [Doc. 1 at 2]; [Doc. 37 at ¶¶ 1-2]. However, Ms. Bivens did not file any administrative grievance which raised an issue related to her adverse reaction to her hormone treatment or the timing of Dr. McGaugh's medical care. [Doc. 37-1 at ¶¶ 15-16].

10

Specifically, although Ms. Bivens submitted an administrative remedy via a Form BP-9 complaining of Dr. McGaugh's alleged failure to provide privacy during a medical visit with Plaintiff, Plaintiff did not raise any concerns about an adverse reaction to her treatment or any delay in her medical treatment in this Form. [Doc. 37-1 at ¶ 11; *id.* at 40-41]. FCI Florence responded on June 24, 2020 responding to Ms. Bivens's privacy concerns. [*Id.* at 42]. Plaintiff subsequently filed a Form BP-10 Regional Appeal, in which she raised, for the first time, complaints concerning her reaction to her hormone treatment and Dr. McGaugh's alleged delay in providing medical treatment. [Doc. 37 at ¶ 13; Doc. 37-1 at 5-6, ¶¶ 15-16; *id.* at 40-41, 46-47]. The Regional Director responded, in pertinent part, that the adverse reaction to Plaintiff's treatment would not be addressed, as Plaintiff must first present that issue at the institutional level. [*Id.* at 48]. In Plaintiff's subsequent National Appeal, she mentioned only her previously raised privacy concerns, and did not raise any concerns with respect to any adverse reaction to her treatment or any delay in treatment. [*Id.* at 50; *id.* at 5-6, ¶¶ 14-16]. In turn, the National Inmate Appeals Administrator responded, addressing Plaintiff's complaints that "medical staff did not provide [Plaintiff] with privacy during a medical assessment" and affirming the manner in which Plaintiff's concerns had previously been addressed. [*Id.* at 51]. Ms. Bivens has filed no other administrative remedies related to a change in her hormone therapy prescription, any reaction thereto, or any delay in Dr. McGaugh's provision of medical treatment. [*Id.* at 6, ¶ 16; *id.* at 53-57].

***Ms. Bivens Has Failed to Exhaust Her Administrative Remedies***. To satisfy the PLRA's exhaustion requirement, an inmate must "provide[] prison officials with enough information to investigate and address the inmate's complaint internally." *Barnes v. Allred*, 482 F. App'x 308, 311 (10th Cir. 2012) (quotation omitted). To that end, "[a] prisoner's duty to exhaust administrative remedies, therefore, is fulfilled when prison officials are given adequate notice of

the nature of [her] complaint." *Saleh v. Wiley*, No. 09-cv-02563-PAB-KLM, 2012 WL 4356219, at *1 (D. Colo. Sept. 24, 2012). "[E]xhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The failure to raise issues at the administrative level which are central to a plaintiff's claim precludes a finding that the plaintiff provided sufficient information to permit prison officials to investigate her complaints. *See Holmes v. Rudd*, No. 20-cv-00016-NYW, 2020 WL 7868466, at *9 (D. Colo. Dec. 31, 2020) (finding that the plaintiff failed to exhaust his administrative remedies because he failed to include the facts relied upon in his complaint in his grievances); *see also Sayed v. Page*, No. 16-cv-02712-WJM-NRN, 2020 WL 1130069, at *5 (D. Colo. Mar. 9, 2020) (finding failure to exhaust administrative procedures where inmate sought remedies in his lawsuit that he had not sought in his grievances); *Saleh v. Wiley*, No. 09-cv-02563-PAB-KLM, 2012 WL 4356221, at *10 (D. Colo. June 19, 2012) (finding a failure to exhaust administrative remedies where the inmate's grievance did not "mention the altercation" that was the basis of the lawsuit or "provide sufficient information to trigger an investigation of [the defendant's] conduct").

Courts reach the same conclusion where an inmate raised a central issue in some, but not all, levels of the administrative remedy process. *See, e.g.*, *McGee v. Fed. Bureau of Prisons*, 118 F. App'x 471, 477 (10th Cir. 2004) (where the plaintiff raised a claim "at certain times" in the administrative process but "never fully exhausted that claim by pursuing it through all levels of the administrative remedy process," the plaintiff had not exhausted his administrative remedies with respect to that claim); *Abdulmutallab v. Sessions*, No. 17-cv-02493-RM-KMT, 2019 WL 1058184, at *3 (D. Colo. Mar. 6, 2019), *report and recommendation adopted sub nom. Abdulmutallab v. Barr*, 2019 WL 4463282 (D. Colo. Sept. 18, 2019) ("Plaintiff did not raise any

issues concerning retaliation in his initial request or at the regional level, and thus he could not raise the issue at the national level."); *Brown v. Wiley*, No. 08-cv-02731-BNB, 2009 WL 440926, at *2 (D. Colo. Feb. 13, 2009) ("Although Mr. Brown's other claims challenging the BOP's determination that he is not eligible for a sentence reduction were raised, or at least referenced, at some point in the administrative remedy procedure, only claim four was raised at each level of the administrative remedy procedure. . . . Therefore, the Court finds that none of Mr. Brown's claims, other than claim four, are exhausted.").

The conclusion that a plaintiff must raise the relevant factual allegations at *all* stages of the grievance process is supported by the Supreme Court's directive that exhaustion requires the *proper* use of all steps in the administrative process. *Woodford*, 548 U.S. at 90. The BOP's Administrative Remedy Program dictates that "[a]n inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). Thus, by raising issues in her Regional Appeal that Ms. Bivens did not raise in her Form BP-9, Ms. Bivens failed to comply with the procedural requirements of the Administrative Remedy Program, and her invocation of any adverse reaction or delay in medical treatment in her Regional Appeal will not suffice to exhaust her administrative remedies with respect to Claim One. Thus, I find that Dr. McGaugh met his initial burden of demonstrating that Ms. Bivens did not exhaust her administrative remedies with respect to Claim One.

***The Availability of the Administrative Process***. Because Defendant carried his burden of making a prima facie showing that Ms. Bivens failed to comply with the BOP's Administrative Remedy Program, the burden is on Ms. Bivens to provide admissible evidence that the grievance procedure was rendered unavailable to her. *See Anderson*, 277 U.S. at 248 (explaining that the burden shifts to the nonmovant after the summary judgment movant makes a prima facie showing);

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (stating that the nonmovant must go beyond the allegations and denials of her pleadings and provide admissible evidence).

Given Ms. Bivens's failure to respond to the Motion for Summary Judgment, the court concludes that she has failed to meet her burden of demonstrating that her failure to exhaust is excused because administrative remedies were rendered unavailable to her. Accordingly, based on the undisputed material facts and the evidence submitted in support of the Motion for Summary Judgment, the court finds that Ms. Bivens has failed to exhaust her administrative remedies with respect to Claim One, which precludes her claim. *See Collins v. Fed. Bureau of Prisons*, 69 F. App'x 411, 413 (10th Cir. 2003) ("No matter what kind of relief Plaintiff seeks, he is nevertheless required to exhaust all administrative remedies before proceeding with his instant *Bivens* action. Because his failure to meet the appropriate filing deadlines for administrative remedies constitutes a failure to exhaust those remedies, his *Bivens* claim is barred by the PLRA."). Accordingly, this court respectfully **RECOMMENDS** that the Motion for Summary Judgment be **GRANTED**, that Claim One be **DISMISSED without prejudice** for failure to exhaust administrative remedies,[5] and that Dr. McGaugh be **DISMISSED** as a Defendant in this matter.

## CONCLUSION

For the reasons stated herein, the court respectfully **RECOMMENDS** that:

(1) The Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies as to Claim 1 [Doc. 37] be **GRANTED**;

---

[5] Typically, a conclusion that a plaintiff failed to exhaust her administrative remedies results in a dismissal without prejudice because "[f]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw." *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212-13 (10th Cir. 2003), *abrogated on other grounds by Jones*, 549 U.S. 199.

(2) Plaintiff's Claim One be **DISMISSED without prejudice** for failure to exhaust her administrative remedies; and

(3) Defendant John McGaugh be **DISMISSED** as a Defendant in this matter.[6]

In addition, **IT IS ORDERED** that:

(1) A copy of this Recommendation, marked as legal mail, shall be sent to:

Dwight Phillip Bivens, #75775-408
Greenville Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Greenville, IL 62246

and

---

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

15

Case Manager for Dwight Phillip Bivens, #75775-408
Greenville Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Greenville, IL 62246


DATED: March 7, 2022               BY THE COURT:

                                   _____
                                   Nina Y. Wang
                                   United States Magistrate Judge